JL

WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dustin D. Crouch, | No.   CV 23-08007-PCT-JAT (ESW) |
| Petitioner, | |
| v. | **ORDER** |
| David Shinn, et al., | |
| Respondents. | |

Petitioner Dustin D. Crouch, who is confined in the Arizona State Prison Complex-Eyman, has filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and an Application to Proceed In Forma Pauperis (Doc. 2). The Court will require an answer to the Petition.

**I.    Application to Proceed In Forma Pauperis**

Petitioner's Application to Proceed In Forma Pauperis indicates that his inmate trust account balance is less than $25.00. Accordingly, the Court will grant Petitioner's Application to Proceed In Forma Pauperi*s*. *See* LRCiv 3.5(c).

**II.    Petition**

Petitioner was convicted by a jury in Coconino County Superior Court, case #CR2016-00472, of 22 counts of sexual conduct with a minor, two counts of sexual conduct with a minor, and one count of sexual exploitation of a minor and was sentenced to a 335-year term of imprisonment. On July 12, 2018, the Arizona Court of Appeals

TERMPSREF

affirmed his convictions and sentences on direct appeal. On December 11, 2018, the Arizona Supreme Court denied review.

Subsequently, Petitioner filed a Rule 32 petition for post-conviction relief in the trial court. On April 16, 2021, the trial court denied the petition. On June 29, 2022, the Arizona Court of Appeals granted relief but denied review on Petitioner's petition for review.

In his Petition, Petitioner names David Shinn[1] as Respondent and the Arizona Attorney General as an Additional Respondent. Petitioner raises four grounds for relief. In Ground One, Petitioner asserts the indictment violated his rights to notice, jury unanimity, and protection against double jeopardy, in violation of the Fifth and Fourteenth Amendments. In Ground Two, Petitioner contends he received ineffective assistance of counsel because his counsel failed to investigate when and where Petitioner traveled outside the jurisdiction of Coconino County. In Ground Three, Petitioner argues he was charged, tried, and convicted of sexual conduct with a minor, which occurred outside the territorial jurisdiction of the trial court, and the trial court therefore lacked subject matter jurisdiction over some of his charges, in violation of the Sixth Amendment. In Ground Four, Petitioner claims he was convicted of sexual conduct with a minor, which occurred inside the Grand Canyon National Park and therefore fell under the special maritime and territorial jurisdiction, and Petitioner's conviction violated 18 U.S.C. §§ 3231 and 2243 and Article VI, section 2 of the United States Constitution.

Petitioner states he presented the issues in Grounds One through Four to the Arizona Court of Appeals. The Court will require Respondents to answer the Petition. 28 U.S.C. § 2254(a).

Petitioner also includes a Motion for Summary Judgment and accompanying Memorandum (Doc. 1 at 22-29), and a Motion for an Evidentiary Hearing and accompanying Memorandum (Doc. 1 at 30-37). Habeas petitions are typically addressed in a summary manner, with evidentiary hearings being held only in limited circumstances.

---

[1] Shinn retired on January 4, 2023. The Court will therefore substitute Ryan Thornell as Respondent. *See* Fed. R. Civ. P. 25(d).

*See* 28 U.S.C. § 2254(e)(2); Rule 8(a) of the Rules Governing Section 2254 Cases. Thus, "[s]ummary judgment procedures generally are ill suited to habeas cases." *Fahr v. Shinn*, No. CV2008-00114-PCT-DGC (DMF), 2021 WL 3666244, at *6 (D. Ariz. Aug. 18, 2021) (citing, inter alia, Brian R. Means, Rule 56, Federal Habeas Manual § 8:36 (2018)). Even if such a motion *were* proper in this type of proceeding, Petitioner's filing is premature prior to an answer by Respondents. Accordingly, the Motion for Summary Judgment and Motion for an Evidentiary Hearing will be denied without prejudice.

**III.    Warnings**

**A.    Address Changes**

Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**B.    Copies**

Because Petitioner is currently confined in an Arizona Department of Corrections, Rehabilitation & Reentry unit subject to General Order 14-17, Petitioner is not required to serve Respondents with a copy of every document he files or to submit an additional copy of every filing for use by the Court, as would ordinarily be required by Federal Rule of Civil Procedure 5 and Local Rule of Civil Procedure 5.4. Petitioner may comply with Federal Rule of Civil Procedure 5(d) by including, with every document he files, a certificate of service stating that this case is subject to General Order 14-17 and indicating the date the document was delivered to prison officials for filing with the Court.

If Petitioner is transferred to a unit other than one subject to General Order 14-17, he will be required to: (a) serve Respondents, or counsel if an appearance has been entered, a copy of every document that he files, and include a certificate stating that a copy of the filing was served; and (b) submit an additional copy of every filing for use by the Court. *See* Fed. R. Civ. P. 5(a) and (d); LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Petitioner.

**C.     Possible Dismissal**

If Petitioner fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Ryan Thornell is **substituted** for David Shinn as Respondent.

(2)     Petitioner's Application to Proceed In Forma Pauperis (Doc. 2) is **granted**.

(3)     Petitioner's Motion for Summary Judgment (Doc. 1 at 22-23) and Motion for an Evidentiary Hearing (Doc. 1 at 30-32) are **denied without prejudice**.

(4)     The Clerk of Court must serve a copy of the Petition (Doc. 1) and this Order on the Respondent(s) and the Attorney General of the State of Arizona by electronic mail pursuant to Rule 4, Rules Governing Section 2254 Cases, and the Memorandum of Understanding between the United States District Clerk of Court for the District of Arizona and the Arizona Attorney General's Office.  Pursuant to the Memorandum of Understanding, copies of the Petition and this Order will be sent via Notice of Electronic Filing (NEF) to the State of Arizona Respondent through the Attorney General for the State of Arizona to designated electronic mail addresses.  Within 2 business days, the Attorney General's Office will acknowledge receipt of the Petition and the Court's Order and within 5 business days will either file a notice of appearance on behalf of Respondents or will notify the Court of the names of the Respondents on whose behalf the Arizona Attorney General's Office will not accept service of process.

(5)     Respondents must answer the Petition within 40 days of the date of service. Respondents must not file a dispositive motion in place of an answer.  Respondents may file an answer that (a) is limited to relevant affirmative defenses, including, but not limited to, statute of limitations, procedural bar, or non-retroactivity; (b) raises affirmative defenses as to some claims and discusses the merits of others; or (c) discusses the merits

of all claims. The failure to set forth an affirmative defense regarding a claim in an answer may be treated as a waiver of the defense as to that claim, *Day v. McDonough*, 547 U.S. 198, 209-11 (2006), but an answer that is limited to affirmative defenses on a particular claim does not waive any argument on the merits as to that claim. If the answer only raises affirmative defenses, only those portions of the record relevant to those defenses need be attached to the answer. If not, the answer must fully comply with all of the requirements of Rule 5 of the Rules Governing Section 2254 Cases.

(6) Regarding courtesy copies of documents for chambers, Respondents are directed to review Section II(D) of the Court's Electronic Case Filing Administrative Policies and Procedures Manual, which requires that "a courtesy copy of the filing, referencing the specific document number, **shall be printed directly from CM/ECF**." CM/ECF Admin. Man. § II(D)(3) (emphasis added). *See* http://www.azd.uscourts.gov/sites/default/files/documents/adm%20manual.pdf.

(7) Petitioner may file a reply within 30 days from the date of service of the answer.

(8) This matter is referred to Magistrate Judge Eileen S. Willett pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

Dated this 9th day of February, 2023.

_____
James A. Teilborg
Senior United States District Judge

TERMPSREF