**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dustin D Crouch, | No. CV-23-08007-PCT-JAT |
| Petitioner, | **ORDER** |
| v. | |
| Attorney General of the State of Arizona, et al., | |
| Respondents. | |

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus ("Petition). The Magistrate Judge to whom this case was assigned issued a Report and Recommendation ("R&R") recommending that the Petition be denied. (Doc. 20). Petitioner objected to the R&R. (Doc. 21). Respondents replied to those objections. (Doc. 22).

**I.     Review of R&R**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original); *Schmidt v. Johnstone*, 263 F.Supp.2d 1219, 1226 (D. Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that de novo review of factual and legal issues is required if objections are made, 'but not otherwise.'"); *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d

1027, 1032 (9th Cir. 2009) (the district court "must review de novo the portions of the [Magistrate Judge's] recommendations to which the parties object."). District courts are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (emphasis added); *see also* 28 U.S.C. § 636(b)(1) ("the court shall make a de novo determination of those portions of the [report and recommendation] to which objection is made.").

## II.    Review of Petition

The Petition in this case was filed under 28 U.S.C. § 2254 because Petitioner is incarcerated based on a state conviction. With respect to any claims that Petitioner exhausted before the state courts, under 28 U.S.C. §§ 2254(d)(1) and (2) this Court must deny the Petition on those claims unless "a state court decision is contrary to, or involved an unreasonable application of, clearly established Federal law" or was based on an unreasonable determination of the facts. *See Lockyer v. Andrade*, 538 U.S. 63, 71 (2003).

> To determine whether a state court ruling was "contrary to" or involved an "unreasonable application" of federal law, courts look exclusively to the holdings of the Supreme Court that existed at the time of the state court's decision. *Greene v. Fisher*, 565 U.S. 34, 38 (2011). A state court's decision is "contrary to" federal law if it applies a rule of law "that contradicts the governing law set forth in [Supreme Court] cases or if it confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [Supreme Court] precedent." *Mitchell v. Esparza*, 540 U.S. 12, 14 (2003) (citations omitted). A state court decision is an "unreasonable application of" federal law if the court identifies the correct legal rule, but unreasonably applies that rule to the facts of a particular case. *Brown v. Payton*, 544 U.S. 133, 141 (2005). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree on the correctness of the state court's decision.'" *Richter*, 562 U.S. at 101, (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

*Amaral v. Ryan*, No. CV16-00594-PHX-JAT-BSB, 2018 WL 6931889, at *5 (D. Ariz. June 26, 2018) (*Report and Recommendation accepted* 2018 WL 6695951, at *1 (D. Ariz. Dec. 20, 2018)).

An unreasonable application of law must be "objectively unreasonable, not merely wrong; even clear error will not suffice." *White v. Woodall*, 572 U.S. 415, 419 (2014) (internal quotation marks and citation omitted). A petitioner must show that the State

court's ruling was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*. at 419–20 (citation omitted).

Finally, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2).

### III. Background

The R&R summarized the factual and procedural background of this case. (Doc. 20 at 1-2). Neither party objected to this recounting and the Court hereby accepts it. In short summary, Petitioner was convicted by a jury of twenty-four counts of Sexual Conduct with a Minor and one count of Sexual Exploitation of a Minor. (*Id.* at 1). Petitioner was sentenced to over 300 years in prison on all counts. (*Id.*).

### IV. Claims in the Petition

Petitioner raised five grounds for relief in his Petition. In Ground One, Petitioner asserts that the indictment violated his constitutional right to notice, his right to a unanimous jury, and his protection against double jeopardy under the Fifth, Sixth, and Fourteenth Amendments. (*Id*. at 13). In Ground Two, Petitioner asserts that his trial counsel was ineffective for not investigating whether Petitioner's (admitted) sexual acts with his stepdaughter occurred either outside Coconino County or outside the state of Arizona. (*Id*. at 5). In Ground Three, Petitioner asserts that he was convicted of acts that occurred outside the territorial jurisdiction of the trial court. (*Id*.) In Ground Four, Petitioner asserts that the State of Arizona convicted him of Sexual Conduct with a Minor that occurred inside the Grand Canyon National Park which Petitioner claims falls under the Special Maritime and Territorial Jurisdiction of the United States pursuant to 18 U.S.C. § 7(3). (*Id*. at 17). In Ground Five, Petitioner asserts that the over 300-year sentence he received is grossly disproportionate to the specific facts and circumstances of his case such that it violates the Eighth Amendment prohibition against cruel and unusual punishment. (*Id.* at 20).

The R&R concluded that Grounds Two and Three were not presented to the state courts, without excuse, and should be dismissed. The R&R addressed Grounds One, Four and Five on the merits and concluded that relief on those Grounds should be denied. As indicated above, Petitioner has filed objections. The Court will address those objections de novo.

### A. Grounds Two and Three

As stated above, the R&R concluded that Grounds Two and Three were not exhausted in state court. (Doc. 20 at 3-9). The R&R then concludes that Petitioner has not shown cause and prejudice, or actual innocence, to overcome his failure to exhaust these claims. (*Id.* at 9-11).

Petitioner objects and argues that some version of his theory that his crimes occurred "outside the state of Arizona" was presented to the state courts. (Doc. 21 at 4 ¶ 9, 5 ¶ 11). Respondents reply to the objections and argue the R&R correctly concluded that this version of Petitioner's claim was not exhausted in the state courts. First, Respondents note that to the extent Petitioner claims that he raised this theory on appeal to the Arizona Court of Appeals when seeking review of the denial of his post-conviction relief Petition, raising this claim for the first time at that late stage would be inadequate to exhaust it. (Doc. 22 at 6). Second, Respondents note that the only claim Petitioner exhausted was his argument that his crimes occurred in the Grand Canyon National Park, not that they occurred outside the state of Arizona. (Doc. 22 at 7).

Having reviewed the record, the Court agrees with the R&R that Petitioner did not exhaust an "outside the state of Arizona" claim with the state courts. Accordingly, this claim is unexhausted and is now procedurally defaulted. (Doc. 20 at 3-9). Petitioner's objections arguing that these claims were fairly presented are overruled.

Petitioner does not object to the R&R's conclusion that he has not shown cause and prejudice nor a fundamental miscarriage of justice (actual innocence) to overcome his failure to exhaust these claims. Accordingly, the Court accepts this conclusion. For the foregoing reasons, the Court will not reach the merits of Grounds Two or Three, and relief

on these claims is denied.

**B.     Ground One**

As indicated above, in Ground One Petitioner argues that the indictment violated his constitutional right to notice, his right to a unanimous jury, and his protection against double jeopardy under the Fifth, Sixth, and Fourteenth Amendments. (Doc. 20 at 13). The R&R concludes that to the extent Petitioner raises subclaims of jury unanimity or double jeopardy, those claims are procedurally defaulted without excuse. (Doc. 20 at 13 n.2). Petitioner objects and attempts to clarify that his claim is that the indictment was deficient because it was not specific enough. (Doc. 21 at 2). However, Petitioner's reasoning for why the indictment was not specific enough is because it does not protect him from double jeopardy (Doc. 21 at 2) and because it did not specify whether, if he had sex with his stepdaughter twice in one night, that would count as a separate occasion for the jury (Doc. 21 at 3).

The Court agrees with the R&R that although Petitioner claims he is arguing a sufficiency of the indictment issue, he is effectively arguing jury unanimity and double jeopardy. Further, the Court agrees with the R&R that these claims were not exhausted with the state courts and are procedurally defaulted without excuse. Accordingly, relief on these subclaims, to the extent they are advanced either in the Petition or the objections is denied.

As to the specificity of the indictment claim, the R&R quoted the state court's rulings on this claim at pages 13-14. Specifically, the Arizona Court of Appeals stated:

> ¶ 6 An indictment must be "sufficiently definite to inform the defendant of a charged offense." Ariz. R. Crim. P. ("Rule") 13.1(a). It also must cite the statutes that the state accuses the defendant of violating. Rule 13.1(d). "An indictment is legally sufficient if it informs the defendant of the essential elements of the charge, is definite enough to permit the defendant to prepare a defense against the charge, and affords the defendant protection from subsequent prosecution for the same offense." *State v. Far W. Water & Sewer Inc.*, 224 Ariz. 173, 187, ¶ 36 (App. 2010) (citation omitted). An indictment that tracks the language of the relevant statute generally provides sufficient notice. *State v. Self*, 135 Ariz. 374, 380 (App. 1983). "In considering whether an indictment provides sufficient notice, the indictment 'must be read in the light of the facts known by both parties.'" *Far W. Water & Sewer*, 224 Ariz. at 187, ¶ 36.

> ¶ 7 Here, [Petitioner] contends that he could not discern between the charged acts because the indictment fails to specify the specific dates, locations, and nature of each sexual act. But the indictment provided the notice required by Rule 13.1: it listed the proscribed acts using statutory citations and statutory language. Further, the charges tracked [Petitioner's] own admission, and the state complied with its pretrial disclosure obligations. We discern no abuse of discretion in the superior court's conclusion that the indictment provided sufficient notice.
>
> ¶ 8 A duplicitous charge occurs when the indictment refers to one criminal act, but the state introduces multiple criminal acts to prove the charge. *State v. Klokic*, 219 Ariz. 241, 244, ¶ 12 (App. 2008). In the case of a duplicitous charge, the superior court is required to take one of two remedial measures: the court must either require the state to elect the act that constitutes the crime, or the court must instruct the jury that they must agree unanimously on the specific act that constitutes the crime. *Id*. at ¶ 14.
>
> ¶ 9 Here, at [Petitioner's] request, the superior court instructed the jury that it was obligated to "agree unanimously on the specific act that constitutes the crime before defendant can be found guilty on that count." Accordingly, any concern with duplicitous charges was appropriately remedied.

(Doc. 20 at 13-14 (citation omitted)).

The R&R concluded that the state court's decision was not contrary to or an unreasonable application of clearly established federal law, nor was it an unreasonable determination of the facts. (Doc. 20 at 17). Petitioner objects and cites cases Petitioner wants the Court to consider. (Doc. 21 at 1-3). Respondents respond to the objections and note that those cases are either consistent with the R&R or distinguishable. (Doc. 22 at 2-5). The Court agrees with Respondents that the cases relied on by Petitioner in his objections do not undercut the R&R's conclusion that the state court decision was not contrary to or an unreasonable application of clearly established federal law. Thus, the objections on Ground One are overruled.

Because the above quoted state court decision was not contrary to or an unreasonable application of clearly established federal law, nor was it an unreasonable determination of the facts, relief on Ground One is denied.

### C.     Ground Four

As discussed above, in Petitioner's Fourth Ground for relief, Petitioner argues that his conduct occurred on federal land, specifically in the Grand Canyon National Park

- 6 -

("Park"). Notably, this argument seemingly forecloses Petitioner's theories in Grounds Two and Three that he was outside of Arizona.[1] Petitioner seems to be claiming that if all of his conduct occurred exclusively in the Park, the federal government only, and not the state of Arizona would have jurisdiction to prosecute him. (Doc. 20 at 17 quoting Petitioner's theory)). On post-conviction relief, the trial court denied petition's claim and the Arizona Court of Appeals summarily affirmed.

Quoting *United States v. Goodwin*, 927 F. Supp.2d. 807, 810 (D. Ariz. 2013), the R&R concludes that the state of Arizona and the federal government have concurrent jurisdiction in the Park to prosecute criminal cases. (Doc. 20 at 18-19). Citing the relevant state statutes, the Arizona court reached the same conclusion. (Doc. 11-2 at 2-3). Thus, the R&R found that the state court decision was not contrary to or an unreasonable application of clearly established federal law, nor was it an unreasonable determination of the facts.

Petitioner objects and argues that federal law preempts state law under the Supremacy Clause because the federal government "occupies the field of sexual abuse in federal enclaves." (Doc. 21 at 6).

> The Federal Enclave Clause provides in part that "Congress shall have power...To exercise exclusive Legislation...over all Places purchased by the Consent of the Legislature of the State in which the Same shall be." U.S. Const. art. I § 8, cl. 17. "[A] federal enclave is created when the United States assumes exclusive jurisdiction over land within a state." *Perez v. DNC Parks & Resorts at Asilomar, Inc.*, WL 5618169, at *5 (E.D. Cal. October 31, 2019). "[W]hen an area in a State becomes a federal enclave...the [state] law in effect at the time of the transfer of jurisdiction continues in force....Existing state law typically does not continue in force, however, to the extent it conflicts with 'federal policy.' " *Id.* at *3 (citing *Parker Drilling Mgmt. Servs., Ltd. v. Newton*, 139 S.Ct. 1881, 1890 (2019)). Thus, state laws enacted after cession or transfer of jurisdiction to the federal government "are inapplicable in the federal enclave unless they come within a reservation of jurisdiction or are adopted by Congress." *Steifel v. Bechtel Corp.*, 497 F.Supp.2d 1138, 1147 (S.D. Cal. 2007).

*Williams v. Aramark Campus LLC*, No. 123CV01082ADASAB, 2023 WL 6387176, at *4 (E.D. Cal. Sept. 29, 2023), *report and recommendation adopted,* No.

---

[1] "Grand Canyon National Park is in the northwest corner of Arizona. The Colorado River flows through the canyon, comprised from water from seven states, yet the feature we know as Grand Canyon is entirely in Arizona." www.nps.gov/grca/planyourvisit/directions.htm#:~:text=hours%20of%20operation (Last visited January 30, 2024).

- 7 -

123CV01082ADASAB, 2023 WL 7116720 (E.D. Cal. Oct. 27, 2023). The Court in *Williams* noted that "The parties do not dispute that Yosemite National Park is a federal enclave." *Id*. In other words, whether an area qualifies as a federal enclave over which the federal government has exclusive jurisdiction is specific to the intent of Congress for that particular land area. As the Court in *Goodwin* and the Arizona state court in Petitioner's case both concluded (citing A.R.S. 37-620), Grand Canyon National Park is an area over which the federal government and the state of Arizona have concurrent jurisdiction.

Moreover, Petitioner has not shown that his crimes occurred in the Grand Canyon National Park ("Park"). Petitioner noted on post-conviction relief that at least four of the offenses for which he was convicted occurred at his home, which was not in the Park. (Doc. 11-2 at 60; Doc. 11-2 at 8; Doc. 11-1 at 433-35 (victim testifying about two different residential locations where crimes occurred)). Petitioner then argued that for all the offenses he committed in the car, he might have been on Navajo land (over which the state also has concurrent jurisdiction over non-Indians), or in Tusayan which is state land,[2] or in the Park. (*Id.*). The state did not distinguish all of these locations because it had jurisdiction over all these locations, but even by Petitioner's version of the facts, many of Petitioner's offenses occurred outside the Park.

For all of the foregoing reasons, Petitioner's objections to the R&R as to Ground Four are overruled. The Court agrees with the R&R that the state court decision was not contrary to or an unreasonable application of clearly established federal law, nor was it an unreasonable determination of the facts. Relief on this claim is, therefore, denied.

**D.  Ground Five**

As indicated above, in Ground Five Petitioner argues that his over 300-year sentence is disproportionate and therefore violates the Eight Amendment's prohibition against cruel and unusual punishment. Petitioner presented this claim to the state courts, which denied relief. (Doc. 20 at 19).

Petitioner's total sentence is a combination of many individual sentences. As the

---

[2] https://tusayan-az.gov/ (Last visited January 30, 2024).

- 8 -

R&R notes the trial court sentenced Petitioner to 15-year terms for each of the 22 counts on which he was convicted of sexual conduct with a minor a dangerous crime against children, running consecutively. (Doc. 20 at 20-21). Petitioner was then sentenced to an additional 5 consecutive years on another count, with all remaining counts on which he was convicted running concurrently to the other sentences. (Doc. 20 at 21).

As for any one crime, the longest sentence Petitioner received was 15-years, which was greater than the minimum sentence under Arizona law, but less than the presumptive sentence. (Doc. 20 at 21). Petitioner makes no argument that any one sentence he received was disproportionate. Instead, Petitioner argues that the deference this Court must give to the state court's decision under 28 U.S.C. §§ 2254(d)(1) and (2) does not apply to this claim because the state court did not find any facts. Petitioner's objection is overruled. The deferential standard of the statute applies to the state court's decision on the proportionality of Petitioner's sentence.

Further, the state court's decision was not contrary to or an unreasonable application of clearly established federal law. First, as the R&R notes, "[t]here is no clearly established law from the Supreme Court on whether Eighth Amendment sentence proportionality must be analyzed on a cumulative or individual basis when a defendant is sentenced on multiple offenses." (Doc. 20 at 21 (quoting *Patsalis v. Shinn*, 47 F.4th 1092, 1101 (9th Cir. 2022))). Second, the R&R notes, that this

> Court does not "sit as a superlegislature" to "second-guess" a state's "difficult policy choices that underlie any criminal sentencing scheme." *Ewing*, 538 U.S. at 28; *see also Andrade*, 538 U.S. at 76 (where "the governing legal principle gives legislatures broad discretion to fashion a sentence that fits within the scope of the proportionality principle the precise contours of which are unclear" it is not objectively unreasonable for a state court to conclude these contours permit affirming a sentence) (internal quotation marks and citation omitted).

(Doc. 20 at 21). For these reasons, relief on this claim will be denied.

### E.     Request for Evidentiary Hearing

Both in his arguments on Ground Five and in his request for an evidentiary hearing, Petitioner asks this Court to make factual findings. The R&R concluded that no evidentiary

hearing was necessary because the record in state court was fully developed. (Doc. 20 at 23). Petitioner objects because he wants factual development on how many of his crimes occurred "in the car" and factual development on where the car was located during the crimes. (Doc. 21 at 7). Given this Court's conclusion above that the Park is within Arizona, and that the State has concurrent jurisdiction over the Park, this Court need not determine with greater specificity the facts of where the crimes occurred even if Petitioner is correct that sometimes he was in the Park. Thus, Petitioner's objection to the R&R's conclusion that an evidentiary hearing is not necessary is overruled.

## V. Conclusion

Based on the foregoing,

**IT IS ORDERED** that the Report and Recommendation (Doc. 20) is accepted and adopted, the objections (Doc. 21) are overruled; the Petition is denied and dismissed with prejudice and the Clerk of the Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that Petitioner's objection to the R&R's recommendation that a certificate of appealability be denied is overruled. A certificate of appealability is denied because dismissal of portions of the Petition is based on a plain procedural bar and jurists of reason would not find this Court's procedural ruling debatable, *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000), and Petitioner has not made a substantial showing of the denial of a constitutional right, *see* 28 U.S.C. § 2253(c)(2).

Dated this 14th day of February, 2024.

James A. Teilborg
Senior United States District Judge